UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIANNE GONZAGA, | No. 10-1160 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| PAUL COPENHAVER, warden, | |
| Respondent. | |

Lianne Gonzaga, a prisoner at the satellite prison camp of the Federal Correctional Institution in Dublin, California, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in asks the court to compel the Bureau of Prisons ("BOP") to comply with Rodriguez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008), and 18 U.S.C. § 3621(b) to "redesignate" her to a pre-release center in Honolulu, Hawaii. She has not exhausted the BOP's administrative appeals process, however.

Section 2241 does not specifically require petitioners to exhaust available remedies before filing petitions for writ of habeas corpus. Castro-Cortez v INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds by Fernandez-Vargas v. Gonzales, 548 U.S. 30 (2006). Nonetheless, courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." Id. (citations omitted). The requirement may be waived in limited circumstances because it is not a jurisdictional prerequisite. Id.; see, e.g., Laing v Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of exhaustion requirement may be appropriate).

Gonzaga urges that the exhaustion requirement should be waived in her case because it

would be a futile endeavor. She states that an administrator announced at a town hall meeting that he learned in a teleconference with an unstated source that seeking administrative relief would be a waste of time because the BOP categorically denies all inmates more than 10% of their sentences in halfway houses and that the BOP was developing policy that would further limit PRC placement for camp status inmates. Generalized statements by administrators who may or may not be authorized to speak to the issue do not show a sufficient justification for the prisoner to bypass the administrative appeal process. The actual BOP decisionmakers should decide her issue before the court does. It is far from clear that Gonzaga's pursuit of administrative remedies would be futile. Waiver of the exhaustion requirement is not warranted under these circumstances.

The petition for a writ of habeas corpus under § 2241 is DISMISSED without prejudice to Gonzaga filing a new petition after exhausting the BOP's administrative appeals process. The clerk shall close the file.

IT IS SO ORDERED.

DATED: October 4, 2010

SUSAN ILLSTON
United States District Judge

2